IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

_____
                                )
BOBBIE HARPER,                  )
                                )
        Plaintiff,              )
                                )
v.                              )   Civil Action No. 04-1025
                                )
SECTEK, INCORPORATED,           )
                                )
        Defendant.              )
_____)

**ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(b), (c). Plaintiff filed suit against Defendant alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2000). The Court has jurisdiction over Plaintiff's retaliation claim pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

Plaintiff is a resident and citizen of the Commonwealth of Virginia. Defendant is a Virginia corporation whose principal place of business is in the Commonwealth of Virginia. In 1999 Defendant entered into a contract with the United States Customs Service (USCS) to provide armed and unarmed security guards to various USCS buildings in the Commonwealth of Virginia. Plaintiff was employed by Defendant from May 2002 to March 2003 as a security guard at USCS building sites.

At various times from May 2002 to December 5, 2002, Plaintiff was allegedly subjected to sexual harassment in the workplace. Plaintiff filed a formal complaint of sexual harassment in the workplace with Defendant's Human Resource Manager on December 5, 2002. Defendant investigated Plaintiff's claim and identified several employees that had engaged in improper conduct. Those employees were temporarily suspended and warned that future reports of violations of company policies would result in further disciplinary action.

Defendant's contract with the USCS requires that all employees assigned to USCS building sites cooperate with and pass a full field five-year employment background investigation. Failure to do so is grounds for dismissal. On January 30, 2003, the USCS notified Defendant that it had discontinued its background investigation of Plaintiff because she repeatedly failed to appear for a personal interview required as part or her employment background investigation. Due to this decision by the USCS, Defendant placed Plaintiff on administrative leave because she was no longer qualified to work at the position for which she had been hired. In March 2003 Defendant requested that the USCS reopen Plaintiff's employment background investigation. The USCS denied Defendant's request, and Defendant terminated Plaintiff's employment on March 27, 2003, for failure to meet USCS specified security criteria.

Courts must grant summary judgment if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, courts view the facts in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party then has the burden of showing that a genuine dispute as to any material fact does exist. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 248. "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Plaintiff's Amended Complaint asserts a claim for retaliation in violation of 42 U.S.C. § 2000e-3(a). Plaintiff asserts that Defendant retaliated against her for filing a complaint of sexual harassment in the workplace with Defendant's

Human Resource Manager by placing Plaintiff on administrative leave and ultimately terminating her employment. Defendant claims that not only did it not retaliate against Plaintiff, but that it fully investigated Plaintiff's claim of sexual harassment in the workplace and took proper remedial steps. Defendant ultimately claims that Plaintiff's termination was based solely on her failure to pass the USCS employment background investigation.

In order to establish a prima facie case of retaliation, a plaintiff must show "(1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal connection between the protected activity and the adverse employment action." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 298 (4th Cir. 2004). Defendant is entitled to summary judgment because Plaintiff has not shown a causal connection between her sexual harassment complaint and termination. Plaintiff alleges that the temporal proximity between her sexual harassment complaint (December 5, 2002) and termination (March 27, 2003) shows a causal connection. Temporal proximity, however, does not establish a causal connection unless the time period between the protected activity and the adverse employment action are "very close." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (citing cases where three and four-month periods were insufficient to establish causality). The nearly four-month gap

between Plaintiff's sexual harassment complaint and termination is too large to establish causality.

Even if Plaintiff could establish a causal connection between her sexual harassment complaint and termination, Plaintiff has not shown that Defendant's stated reason for her termination is mere pretext for retaliation. See EEOC v. Clay Printing Co., 955 F.2d 936, 940-41 (4th Cir. 1992). The fact that Plaintiff filed a sexual harassment complaint with Defendant's Human Resource Manager does not exempt her from cooperating with and passing the USCS employment background investigation. Defendant has presented unrebutted evidence that on January 30, 2003, the USCS notified Defendant it was terminating its investigation of Plaintiff's employment background because Plaintiff repeatedly failed to appear for a required personal interview. The unrebutted evidence shows that after placing Plaintiff on administrative leave, Plaintiff was not terminated until Defendant's request that the USCS reopen its investigation of Plaintiff's employment background was denied. Therefore, it appearing to the Court that there is no genuine issue as to any material fact and that Defendant is entitled to a judgment as a matter of law, it is hereby

5

ORDERED that Defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED.

                                                    /s/
                                  _____
                                  CLAUDE M. HILTON
                                  UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 12, 2005